IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**MIGUEL ANGEL PONCE**
                          **PLAINTIFF**

**V.**         **CIVIL ACTION NO.: 1:21-CV-114-TBM- RHWR**

**CHEVRON U.S.A. INC.**         **DEFENDANT**

**<u>CHEVRON U.S.A. INC.'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT</u>**

NOW INTO COURT, through undersigned counsel, comes Defendant, Chevron U.S.A. Inc. ("Chevron"), who submits the following Answer, Affirmative Defenses, and Request for Trial by Jury in response to Plaintiff's Amended Complaint [R. Doc. 14].

**I.**

**ANSWER TO AMENDED COMPLAINT**

AND NOW, insofar as an Answer may be required to Plaintiff's Amended Complaint, Chevron denies each and every allegation contained therein except for those that may be specifically admitted hereinafter. To answer the Amended Complaint, paragraph-by-paragraph, Chevron states as follows:

1.

The allegations contained in Paragraph 1 of Plaintiff's Amended Complaint assert conclusions of law to which no response is required. To the extent a response may be deemed required, those allegations are denied for lack of information sufficient to justify a belief therein.

2.

The allegations contained in Paragraph 2 of Plaintiff's Amended Complaint assert conclusions of law to which no response is required. To the extent a response may be deemed

required, those allegations are denied. Furthermore, pursuant to R. Doc. 48, Plaintiff's claims under 42 U.S.C. 1983 have been dismissed with prejudice.

3.

The allegations of fact contained in Paragraph 3 of Plaintiff's Amended Complaint are denied as written except to admit that Chevron has its principal place of business in California. The remaining allegations contained in Paragraph 3 are denied.

4.

The allegations of fact contained in Paragraph 4 of Plaintiff's Amended Complaint are admitted to the extent that Chevron operated a division of business operations located in Picayune Mississippi, where Plaintiff was employed as an aircraft mechanic. The remaining allegations contained in Paragraph 3 are denied for lack of information sufficient to justify a belief therein.

5.

The allegations of fact contained in Paragraph 5 of Plaintiff's Amended Complaint are admitted.

6.

The allegations contained in Paragraph 6 of Plaintiff's Amended Complaint do not require a response from Chevron. To the extent a response may be deemed required, those allegations are denied for lack of information sufficient to justify a belief therein.

7.

The allegations contained in Paragraph 7 of Plaintiff's Amended Complaint do not require a response from Chevron. To the extent a response may be deemed required, those allegations are denied for lack of information sufficient to justify a belief therein.

8.

The allegations contained in Paragraph 8 of Plaintiff's Amended Complaint are denied for lack of information sufficient to justify a belief therein.

9.

To the extent the allegations contained in Paragraph 9 of Plaintiff's Amended Complaint assert conclusions of law, no response is required. To the extent a response may be deemed required, those allegations are denied. The allegations of fact contained in Paragraph 9 of Plaintiff's Amended Complaint are denied for lack of information sufficient to justify a belief therein.

10.

The allegations contained in Paragraph 10 of Plaintiff's Amended Complaint are denied for lack of information sufficient to justify a belief therein.

11.

The allegations contained in Paragraph 11 of Plaintiff's Amended Complaint are denied for lack of information sufficient to justify a belief therein.

12.

To the extent the allegations contained in Paragraph 12 of Plaintiff's Amended Complaint assert conclusions of law, no response is required. To the extent a response may be deemed required, those allegations are denied. The allegations of fact contained in Paragraph 12 of Plaintiff's Amended Complaint are denied for lack of information sufficient to justify a belief therein.

13.

To the extent the allegations contained in Paragraph 13 of Plaintiff's Amended Complaint assert conclusions of law, no response is required. To the extent a response may be deemed required, those allegations are denied. The allegations of fact contained in Paragraph 13 of Plaintiff's Amended Complaint are denied for lack of information sufficient to justify a belief therein.

14.

The allegations contained in Paragraph 14 of Plaintiff's Amended Complaint are admitted only to the extent that Plaintiff made a complaint to Chevron's Human Resources Department in September 2016. All other allegations contained within Paragraph 14 of Plaintiff's Amended Complaint are denied for lack of information sufficient to justify a belief therein.

15.

To the extent the allegations contained in Paragraph 15 of Plaintiff's Amended Complaint assert conclusions of law, no response is required. To the extent a response may be deemed required, those allegations are denied. The allegations of fact contained in Paragraph 15 of Plaintiff's Amended Complaint are admitted only to the extent that Plaintiff made a complaint to Chevron's Human Resources Department in September 2019. All other allegations of fact contained within Paragraph 15 of Plaintiff's Amended Complaint are denied for lack of information sufficient to justify a belief therein.

16.

The allegations contained in Paragraph 16 of Plaintiff's Amended Complaint are denied for lack of information sufficient to justify a belief therein.

17.

The allegations contained in Paragraph 17 of Plaintiff's Amended Complaint are admitted to the extent that Plaintiff made the comment quoted in Paragraph 17 of Plaintiff's Amended Complaint. The remaining allegations contained in paragraph 17 of Plaintiff's Amended Complaint are denied for lack of information sufficient to justify a belief therein.

18.

The allegations contained in Paragraph 18 of Plaintiff's Amended Complaint are denied for lack of information sufficient to justify a belief therein.

19.

The allegations contained in Paragraph 19 of Plaintiff's Amended Complaint are denied for lack of information sufficient to justify a belief therein.

20.

The allegations contained in Paragraph 20 of Plaintiff's Amended Complaint are denied for lack of information sufficient to justify a belief therein.

21.

The allegations contained in Paragraph 21 of Plaintiff's Amended Complaint are denied for lack of information sufficient to justify a belief therein.

22.

To the extent the allegations contained in Paragraph 22 of Plaintiff's Amended Complaint assert conclusions of law, no response is required.  To the extent a response may be deemed required, those allegations are denied. The allegations contained in Paragraph 22 of Plaintiff's Amended Complaint are denied for lack of information sufficient to justify a belief therein.

23.

The allegations contained in Paragraph 23 of Plaintiff's Amended Complaint are denied for lack of information sufficient to justify a belief therein.

24.

The allegations contained in Paragraph 24 of Plaintiff's Amended Complaint are denied for lack of information sufficient to justify a belief therein.

25.

The allegations contained in Paragraph 25 of Plaintiff's Amended Complaint are denied for lack of information sufficient to justify a belief therein.

26.

The allegations contained in Paragraph 26 of Plaintiff's Amended Complaint are denied for lack of information sufficient to justify a belief therein.

27.

The allegations contained in Paragraph 27 of Plaintiff's Amended Complaint are denied for lack of information sufficient to justify a belief therein.

28.

The allegations contained in Paragraph 28 of Plaintiff's Amended Complaint are denied for lack of information sufficient to justify a belief therein.

29.

The allegations contained in Paragraph 29 of Plaintiff's Amended Complaint are denied for lack of information sufficient to justify a belief therein.

30.

To the extent the allegations contained in Paragraph 30 of Plaintiff's Amended Complaint assert conclusions of law, no response is required. To the extent a response may be deemed required, those allegations are denied. The allegations contained in Paragraph 30 of Plaintiff's Amended Complaint are denied for lack of information sufficient to justify a belief therein.

31.

The allegations contained in Paragraph 31 of Plaintiff's Amended Complaint are denied for lack of information sufficient to justify a belief therein.

32.

The allegations contained in Paragraph 32 are denied for lack of information sufficient to justify a belief therein.

33.

The allegations contained in Paragraph 33 are denied for lack of information sufficient to justify a belief therein.

34.

To the extent the allegations contained in Paragraph 34 of Plaintiff's Amended Complaint assert conclusions of law, no response is required. To the extent a response may be deemed required, those allegations are denied. The allegations of fact contained in Paragraph 34 are denied.

35.

To the extent the allegations contained in Paragraph 35 of Plaintiff's Amended Complaint assert conclusions of law, no response is required. To the extent a response may be deemed required, those allegations are denied. The allegations of fact contained in Paragraph 35 are denied.

36.

The allegations contained in Paragraph 36 of Plaintiff's Amended Complaint assert conclusions of law to which no response is required. To the extent a response may be deemed required, those allegations are denied. The allegations of fact contained in Paragraph 36 are denied.

37.

To the extent the allegations contained in Paragraph 37 of Plaintiff's Amended Complaint assert conclusions of law, no response is required. To the extent a response may be deemed required, those allegations are denied. The allegations of fact contained within Paragraph 37 of Plaintiff's Amended Complaint are admitted to the extent that Plaintiff filed a Charge of Discrimination with the EEOC.

38.

The allegations of fact contained within Paragraph 38 of Plaintiff's Amended Complaint are admitted only to the extent that Plaintiff's Charge was dismissed by the EEOC. All other allegations contained within Paragraph 38 of Plaintiff's Amended Complaint are denied for lack of information sufficient to justify a belief therein.

39.

The allegations of fact contained within Paragraph 39 of Plaintiff's Amended Complaint are denied for lack of information sufficient to justify a belief therein.

40.

The allegations contained in Paragraph 40 of Plaintiff's Amended Complaint are denied.

41.

The allegations contained within Paragraph 41 of Plaintiff's Amended Complaint are denied.

42.

The allegations contained in Paragraph 42 of Plaintiff's Amended Complaint do not require a response from Chevron.

43.

The allegations contained within Paragraph 41 of Plaintiff's Amended Complaint are denied.

44.

The allegations contained in the unnumbered Paragraph of Plaintiff's Amended Complaint represent a prayer for relief and do not require a response from Chevron. To the extent a response is required, those allegations are denied.

45.

The allegations contained in the unnumbered Paragraph of Plaintiff's Amended Complaint representing a jury demand requires no response from Chevron.

**II.**

**AFFIRMATIVE DEFENSES**

AND NOW, in further answering Plaintiff's Amended Complaint, Chevron asserts the following affirmative defenses:

1.

The Amended Complaint fails to state a claim and/or cause and/or right of action upon which relief can be granted.

2.

Any claim against Chevron is barred, in whole or in part, by the applicable statute of limitations, repose, prescription, laches, and/or peremption.

3.

The damages complained of herein by Plaintiff were caused solely by Plaintiff's own negligence and/or fault. Such negligence and/or other fault should serve as a complete bar or, in the alternative, as a mitigating factor to the recovery of any damages by Plaintiff.

4.

Plaintiff's injuries, if any, which are specifically and expressly denied, were neither caused, nor contributed to, by any acts or omissions on the part of Chevron, nor of anyone for whom it could or may have been responsible herein. Rather, said injuries, which again are specifically and expressly denied, were caused by the negligence and/or fault of other parties and concerns.

5.

The damages complained of herein by Plaintiff were caused or contributed to by the fault of third parties for which Chevron is not responsible and over which Chevron has had no control. To the extent Plaintiff's damages, if any, were caused by the acts or omissions of third parties, Plaintiff's damages, if any, should be reduced by the percentage of causation attributable to the fault or negligence of such third parties.

6.

Chevron is entitled to a set off, reduction, or credit in the amount of any liability based upon the payments and/or liability of other defendants and/or non-party tortfeasors.

7.

Plaintiff may have failed to exercise ordinary care, reasonable care and/or diligence to mitigate his damages, if any.

8.

Chevron contends that at all times relevant to this litigation, it and its employees conducted themselves appropriately and in accordance with all applicable laws, ordinances, and regulations, and that Chevron and its employees' behavior was, at all times relevant to this litigation, in compliance with good industrial practice.

9.

Should Plaintiffs be entitled to any award, which is specifically denied, then any such award should be reduced to the extent of any settlement and/or release of any persons, companies, or entities, whether a party or not, and whether said settlement and/or release occurs prior to or subsequent to the filing of the original or any supplemental Complaint herein.

10.

Chevron reserves the right to file additional Answers, Affirmative Defenses, Third-Party Actions, Counter-Claims or Cross-Claims, such as the facts may later disclose and require.

## III. REQUEST FOR TRIAL BY JURY

Chevron requests a trial by jury of all claims and causes of action asserted against it.

WHEREFORE, Defendant, Chevron U.S.A. Inc., prays that this answer be deemed good and sufficient and that after due proceedings are had, including a trial by jury, there be judgment rendered in favor of Defendant, Chevron U.S.A. Inc., and against Plaintiff, dismissing the claims of Plaintiff, with prejudice and at his cost, and for such further relief which in equity and at law Defendant may be entitled.

This 4th day of November, 2021.                    Respectfully submitted,


                                                              */s/ Monique M. Weiner*
                                                              Deborah D. Kuchler (MS #100634)
                                                              Monique M. Weiner, TA (admitted *pro hac vice*)
                                                              Skylar B. Rudin, (admitted *pro hac vice*)
                                                              KUCHLER POLKER WEINER, LLC
                                                              1615 Poydras Street, Suite 1300
                                                              New Orleans, LA  70112
                                                              Telephone:  (504) 592-0691
                                                              Facsimile:  (504) 592-0696
                                                              Email:      dkuchler@kuchlerpolk.com
                                                                          mweiner@kuchlerpolk.com
                                                                          srudin@kuchkerpolk.com


## CERTIFICATE OF SERVICE

I, Monique M. Weiner, hereby certify that I have this date electronically filed the foregoing Answer and Affirmative Defenses on behalf of Defendant, Chevron U.S.A. Inc., with the Clerk of Court using the ECF system, which sent electronic notification to all counsel of record.

SO CERTIFIED, this 4th day of November 2021.

                                                              */s/ Monique M. Weiner*
                                                              MONIQUE M. WEINER